# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ANDREW C.,**
**Respondent Below, Petitioner**

**FILED**
**November 18, 2022**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-172** (Fam. Ct. Marion Cnty. No. FC-24-2022-D-117)

**HILLARY C.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Andrew C.[1] appeals the Amended Temporary Order entered by the Family Court of Marion County on September 20, 2022. Andrew C. asserts, inter alia, that the family court erroneously awarded him less than fifty percent of the custodial time with his children during the pendency of his ongoing divorce proceedings. His estranged wife, Respondent Hillary C., responds in support of the family court's temporary custody ruling. Andrew C. filed a reply brief.[2]

This is an expedited, interlocutory appeal filed in the Intermediate Court of Appeals pursuant to West Virginia Code § 48-9-203(f) (2022).[3] After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no clear error or abuse of discretion. As explained below, the family court made findings of fact to justify awarding Andrew C. less than equal parenting time. Moreover, other issues raised by Andrew C. are not subject to an interlocutory appeal to this Court. Accordingly, a memorandum decision affirming the family court's temporary custodial allocation is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] In this appeal, neither party is represented by counsel.

[3] West Virginia Code § 48-9-203(f) provides, in part, that "[a] parent who has sought and been denied equal (50-50) physical custody . . . may file an interlocutory appeal with the West Virginia Intermediate Court of Appeals as to the temporary custodial allocation of the child or children, and the Intermediate Court of Appeals shall provide an expedited review of the order[.]"

1

By way of background, on April 13, 2022, the family court entered a domestic violence protective order ("the DVPO") prohibiting Andrew C. from having contact with Hillary C. In support of this order, the family court found that on April 7, 2022, "[t]he parties were engaged in a verbal argument which subsequently became physical. The [husband Andrew C.] broke through the front door and grabbed the [wife Hillary C.] by the neck leaving the [wife's] neck red." Andrew C. appealed the DVPO to the Circuit Court of Marion County, which refused the appeal on April 29, 2022.

Meanwhile, on dates not specified in the record on appeal, the parties separated and Hillary C. filed for divorce. The parties have three children ages one, three, and five years old. The family court held hearings in the divorce case on July 29, 2022, and August 11, 2022, and entered a temporary order on August 17, 2022, that was amended on September 20, 2022. The family court's factual findings in the Amended Temporary Order include that the oldest child has autism, but there is no testimony regarding his level of functioning or required daily care. Although the parties shared parenting responsibilities while they were living together, the family court found that, at times, Andrew C. has difficulty handling the oldest child's behaviors. On one occasion, Andrew C. requested that Hillary C. pick up the oldest child from Andrew C. before Andrew C. "f***s [the child] up."

In the Amended Temporary Order, the family court noted that Andrew C. requested a 50-50 "week on/week off" parenting schedule, and that since June 10, 2022, West Virginia law has included a rebuttable presumption that equal 50-50 custodial time is in the best interests of a child.[4] However, for purposes of the temporary order, the family court rejected Andrew C.'s request. The family court ruled that "based upon the [Domestic Violence] Protective Order, [Andrew C.'s] difficulty with handling [the oldest child's] behaviors at times and [Andrew C.'s] admitted isolation of [Hillary C.] from her family, the Court will not enter a 50/50 parenting plan on a temporary basis." Instead, the family court gave Andrew C. parenting time while Hillary C. is working; her regular work schedule is eight a.m. to four p.m. on Monday through Friday.[5] The family court also gave Andrew C. parenting time on alternating weekends from noon on Saturday to noon on Sunday. Hillary C. was given all other parenting time. Accordingly, Andrew C. was temporarily awarded approximately thirty percent of the parenting time.[6]

---

[4] *See* W. Va. Code §§ 48-9-102a, 48-9-203(d), 48-9-204(e) (2022). The parties do not dispute that the recently enacted 50-50 custody statutes apply in this case.

[5] Andrew C. is not currently employed outside of the home.

[6] The family court included other provisions in the Amended Temporary Order that are not pertinent to the current appeal.

2

Andrew C. appeals the Amended Temporary Order to this Court. When reviewing an appeal from family court, an appellate court "shall review the findings of fact made by the family court judge under the clearly erroneous standard and shall review the application of law to the facts under an abuse of discretion standard." *See* W. Va. Code § 51-2A-14(c) (2005). A de novo standard of review applies to questions of law and the interpretation of statutes. *See* Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995). These are the same standards of review applied by the Supreme Court of Appeals of West Virginia in family court appeals. *See* Syl., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

In his brief to this Court, Andrew C. makes three overarching arguments. First, he contends that the family court judge is biased against him and should be removed from this case. Second, he asserts that the DVPO was not factually supported and should be dismissed. Third, he argues that the family court's decision to award him less than fifty percent of custodial time is based upon insufficient and inaccurate information and thus violates his rights.

We quickly dispose of Andrew C.'s first two issues. Pursuant to Rule 58(a) of the Rules of Practice and Procedure for Family Court and Rule 17 of the Trial Court Rules for Trial Courts of Record, a motion to disqualify a family court judge must be filed in that judge's court and then transmitted to the Chief Justice of the Supreme Court of Appeals for decision. These rules do not authorize the Intermediate Court of Appeals to disqualify a family court judge from a case.

Furthermore, the Intermediate Court of Appeals cannot dismiss the DVPO. By statute, this Court has no appellate jurisdiction over orders in a domestic violence proceeding. W. Va. Code §§ 51-11-4(b)(2), (d)(11) (2022). The DVPO was already appealed to the circuit court, which refused the appeal.[7]

Turning to Andrew C.'s challenge to the temporary custody order, West Virginia Code § 48-9-204(e) (2022) provides that "[i]n establishing a temporary parenting plan, there shall be a presumption in favor of equal (50-50) custody which is rebuttable by a preponderance of the evidence, to be evaluated and considered in accordance with the criteria set forth in § 48-9-209 [2022] of this code." West Virginia Code § 48-9-203(e) directs a court to make specific findings when awarding unequal parenting time in a temporary order:

---

[7] To the extent that Andrew C. may be challenging any provision of the September 20, 2022, order other than the temporary parenting plan, those challenges are beyond the scope of interlocutory appeals permitted by West Virginia Code § 48-9-203(f). *See supra*, n. 3.

3

> If the temporary allocation of physical custody is not on an equal (50-50) basis, it [the temporary parenting order] must contain specific findings of fact by the court, based upon evidence presented at a hearing, as to the reasons under § 48-9-209 of this code that the court ordered the custodial allocation, along with the court's legal conclusions supporting its decision.

*Id.* § 48-9-203(e).

West Virginia Code § 48-9-209 sets forth a number of considerations that may justify an unequal award of time, including whether a parent has committed domestic violence and whether a child has special needs. *Id.* §§ 48-9-209(a)(3), (f)(2)(B). In this case, the family court's reasons for formulating this temporary custody plan—including the existing DVPO against Andrew C. and Andrew C.'s occasional difficulty in handling the autistic child's behavior—fall squarely within these statutory provisions. The family court concluded that restricting most of Andrew C.'s parenting time to specific weekday hours, at least on a temporary basis, was in the best interests of these young children and that the 50-50 custody presumption was rebutted.[8]

Andrew C. complains that the family court's findings of fact pursuant to West Virginia Code § 48-9-209 are factually incorrect and unsupported. For example, he denies the validity of the DVPO, denies committing domestic violence against Hillary C., contends that a responding police officer did not see any redness on Hillary C.'s neck, claims that a witness(es) provided false and misleading information to police, and asserts that the family court inaccurately quoted a report regarding the domestic violence incident. However, Andrew C. cites to nothing in the appendix record to challenge the family court's factual findings. He primarily makes self-serving representations without pointing to evidence admitted or proffered during the family court's temporary hearings. Importantly, the factual finding in the DVPO that he committed domestic violence against Hillary C. has already been upheld on appeal to the circuit court.[9] As such, we find no clear error or

---

[8] Consideration of this expedited appeal is made challenging because the parties are self-represented and the family court's order fails to make specific findings of fact and conclusions of law. The order must make all required findings pursuant to West Virginia Code §§ 48-9-102a, 203(e), 209(a)-(c) (2022).

[9] Andrew C. also challenges the accuracy of other factual findings in the Amended Temporary Order, including findings that he has a girlfriend; that he made a telephone call to the FBI Threat Intake Center; and that there were certain firearms and other weapons within reach of the children in the marital home. However, because the family court did not specifically cite these factual issues as justification for awarding Andrew C. less than equal custodial time, and because this interlocutory appeal is limited solely to the issue of temporary custody, we decline to address these factual issues in this appeal.

abuse of discretion in the family court's temporary custodial allocation.[10]

Accordingly, we affirm.

Affirmed.

ISSUED: November 18, 2022

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

[10] Nothing in this memorandum decision prevents the family court from altering the custodial allocation in future orders, either temporary or permanent. If Andrew C. has evidence pertaining to the final custodial allocation, he is responsible for producing it to the family court in the ongoing divorce proceedings.